UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VELMA CROSS | CIVIL ACTION NO. 17-cv-0694 |
| VERSUS | JUDGE HICKS |
| GREAT AMERICAN FOODS CORP., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Velma Cross filed this personal injury action in state court against Great American Foods Corporation and Scottsdale Insurance Company. Defendants filed a notice of removal, which puts the burden on them of setting forth facts that provide grounds for the exercise of federal subject-matter jurisdiction. The notice of removal does not appear to cite a particular grounds for removal, but the only apparent basis would be diversity jurisdiction.

A removing party who invokes diversity jurisdiction must set forth with specificity the citizenship of all parties. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017). The citizenship of an individual is based on that person's domicile. Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002). A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or

notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982); Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). If a party is an LLC, partnership, or other unincorporated association, its citizenship depends on that of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008); Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

A removing party who relies on diversity jurisdiction must also establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. Many of the rules applicable to that burden, in the context of similar personal injury suits, are set forth in cases such as Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL2457664 (W.D. La. 2012).

The removing defendants will be allowed until **June 15, 2017** to file an amended notice of removal and set forth specific facts directed at meeting their burden of establishing a basis for diversity jurisdiction or another form of federal subject-matter jurisdiction. To the extent the notice of removal may have any

procedural defects, such defects must be cured within the 30-day removal period. The deadline set in this order does not and cannot affect that statutory deadline.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of May, 2017.

Mark L. Hornsby
U.S. Magistrate Judge